IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURTON, *individually and on behalf of all others similarly situated*, ) ) ) | |
| Plaintiff, ) ) | |
| VS. ) ) | DOCKET NO._____ CLASS ACTION |
| AMERICA'S CAR-MART, INC., an Arkansas corporation, DBA "CAR-MART OF JACKSON," ) ) ) ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, William Burton, an individual, on behalf of himself and all others similarly situated, hereby sues Defendant, America's Car Mart, Inc., an Arkansas corporation, doing business as "Car-Mart of Jackson," and alleges:

### GENERAL ALLEGATIONS

### I.  JURISDICTION

1. The jurisdiction of this Court is established pursuant to the Federal Truth in Lending Act, 15 U.S.C. §1640.

### II.  ALLEGATIONS AS TO PARTIES

2. Plaintiff, William Burton ("Mr. Burton") is *sui juris* and a resident of Henderson, Tennessee.

3. Defendant, America's Car-Mart, Inc. ("America's Car Mart" or "Dealership"), is an

Arkansas corporation doing business as "Car-Mart of Jackson" at 1089 South Highland, Jackson, Tennessee 38301.

4. At all times material hereto, Defendant was in the business of selling and financing used automobiles to the public at large in Jackson, Tennessee.

### III. FACTUAL ALLEGATIONS

5. On or about August 28, 2009, Mr. Burton went to the place of business of America's Car Mart for the purpose of viewing automobiles to purchase for his personal and household use.

6. At such time and place, Mr. Burton entered into an agreement entitled "Motor Vehicles Sales Contract and Purchase Money Security Agreement" ("Burton Finance Agreement") with the Dealership to purchase and finance a used 2000 ford Focus, VIN: 1FAFP3432YW109571 ("Burton Vehicle").

7. A true and correct copy of the Burton Finance Agreement is attached hereto and incorporated by reference as Exhibit "A."

### IV. CLASS ACTION ALLEGATIONS

8. Mr. Burton brings this action on his own behalf and as representative of all those similarly situated pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, with respect to equitable relief sought herein, and Rule 23(b)(3), Federal Rules of Civil Procedure, with respect to the damages sought herein.

9. This action is brought on behalf of all persons who: (1) obtained an extension of credit represented by a contract the same or substantially similar to the Burton Finance Agreement, and (2) were given inadequate disclosures which were required under the Federal Truth in Lending

Act ("TILA") and Regulation Z.

10. Although the precise number of class members is presently unknown and can only be determined by discovery, the proposed class size satisfied the requirements of Rule 23(a)(1), Federal Rules of Civil Procedure, as, upon information and belief, America's Car Mart has extended credit to more than one hundred (100) customers who all executed similar Finance Agreements.

11. The members of the class referred to above who are similarly situated with Mr. Burton, or readily ascertainable are so numerous that joinder of all members is impractical. There is a well defined community of interest in the questions of law and fact involved, affecting the parties to be represented in that each party has been injured by, or has an interest in litigating the legality of the practice of the Defendant alleged herein. Proof of a common or single state of fact or set of facts will establish the right of each member of the class to recover.

12. Plaintiff is a member of the class because Plaintiff entered into a Finance Agreement with the Dealership which contained inadequate disclosures under TILA and Regulation Z in the same manner as all other members of the class.

13. The Plaintiff's claim raises numerous common questions of law or fact common to the questions of law or fact raised by the claims of the individual class members in this action within the meaning of Rule 23(a)(2), Federal Rules of Civil Procedure. The questions of law or fact of Plaintiff arise out of a common practice in the manner in which Defendant has dealt with Plaintiff and class members, and predominate over any facts that may affect only individual class members within the meaning of Rule 23(b)(3), Federal Rules of Civil Procedure.

14. Common questions of law or fact include whether Defendant provided an extension of credit in the form of the Burton Finance Agreement in violation of TILA and Regulation

Z.

15. The requirement of Rule 23(a)(3), Federal Rules of Civil Procedure, is met because the Plaintiff's claims are typical of the claims of class members. Plaintiff and class members executed a finance agreement in the same or substantially similar form as the Burton Finance Agreement during the relevant class period and are entitled to statutory damages as a result of the failure to disclose and provide the required material information under TILA.

16. The requirement of Rule 23(a)(4), Federal Rules of Civil Procedure, is met because Plaintiff will fairly and accurately protect the interests of the class. No antagonism exists between the interest of the Plaintiff and the interest of other class members. Counsel for Plaintiff is experienced in class action litigation and is well qualified to conduct this litigation.

17. This action is appropriate for class treatment pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, because Defendant has acted or has refused to act on grounds generally applicable to the entire class, thereby making appropriate final and injunctive or corresponding to declaratory relief with respect to the class as a whole.

18. A class action is superior to other methods for the fair and efficient adjudication of this controversy within the meaning of Rule 23(b)(3), Federal Rules of Civil Procedure, because among other things, it is able to concentrate the litigation of the class members' claims in one form, since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual class members in each class be relatively small, their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impractical for them to seek individual redress for the wrongs done to them. Additionally, the prosecution of separate claims by the individual class members, even if

possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendant. Plaintiff is unaware of any difficulties that would be encountered in the administration of this class that would preclude its maintenance as a class action.

### COUNT I - ACTION FOR VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601, *et seq.*

19. This is an action for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and the regulations promulgated thereunder, seeking damages, interest, costs and attorney's fees.

20. Mr. Burton re-alleges and reaffirms the allegations contained in Paragraphs 1 through 18 above as if set forth hereafter in full.

21. America's Car Mart violated TILA and Regulation Z with respect to the finance agreement represented by the Burton Finance Agreement entered into by Mr. Burton and the other members of the class by failing to properly deliver all "material disclosures" as required by TILA and Regulation Z, including but not necessarily limited to the following:

    (a) by failing to disclose accurately and properly "the annual percentage rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e); and

    (b) by failing to disclose accurately and properly the "finance charge," in violation of 15 U.S.C. §1632(a) and Regulation Z, 12 C.F.R. §226.18(e).

22. By reason of the aforesaid violations of the TILA and Regulation Z, America's Car Mart is liable to Plaintiff and the members of the class for statutory damages pursuant to 15 U.S.C. §1640(a).

23.     Pursuant to 15 U.S.C. §1640, Plaintiff and the members of the class are entitled to recover reasonable attorney's fees to be determined by the Court.

24.     Plaintiff has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, William Burton, an individual, on behalf of himself and all others similarly situated, demands judgment against Defendant, America's Car Mart, Inc., an Arkansas corporation, doing business as "Car-Mart of Jackson," for:

(a)     an order certifying the instant action as a class;

(b)     statutory damages up to the lesser of $500,000 or one percent of the net worth of Defendant pursuant to 15 U.S.C.§1640(a)(2)(E);

(c)     reasonable costs and attorney's fees in accordance with 15 U.S.C. §1640; and

(d)     such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, William Burton, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

s/ Charles L. Holliday
Charles L. Holliday, Esq.
Tennessee BPR: 025459
PO Box 2004
312 E. Lafayette St.
Jackson, TN 38302-2004
Telephone: (731) 424-0461
Telefax: (731) 424-0562
E-mail: holliday@spraginslaw.com

        Robert W. Murphy, Esq.
        Florida Bar No.: 717223
        1212 S.E. 2nd Avenue
        Ft. Lauderdale, FL 33316
        (954) 763-8660 Telephone
        (954) 763-8607 Telefax
        E-mail: rphyu@aol.com
        *To be admitted pro hac vice*

        COUNSEL FOR PLAINTIFF